IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JERRY LEE DARNELL**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO.: 1:17CV11-SA-RP**

**INVESTIGATOR JAMES FARIS,**
**DEPUTY MARK MCGAIRTY,**
**ASST. D.A. LINDSAY CLEMONS,**
**LOWNDES COUNTY SHERIFF DEPARTMENT, and**
**ASST. D.A. MARK JACKSON**     **DEFENDANTS**

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jerry Lee Darnell, a Mississippi inmate housed at Winston-Choctaw County Regional Correctional Facility, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Investigator James Faris, Deputy Mark McGairty, Asst. D.A. Lindsay Clemons, the Lowndes County Sheriff's Department, and Asst. D.A. Mark Jackson. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed with prejudice as malicious.

### Plaintiff's Allegations

According to Darnell, on August 4, 2010, he and Jeff King were preparing to tow a vehicle belonging to King's brother when Deputy Mark McGairty approached the men and questioned Darnell regarding the ownership of some speakers and an air conditioner in the back of the vehicle. Darnell states that he told McGairty that the items were his, but he alleges that McGairty nonetheless arrested him after two individuals falsely identified the property as theirs. He claims that Investigator James Faris then produced a falsified report claiming that Darnell

confessed to burglary. Darnell asserts that he was arrested without a valid warrant or affidavit, and he claims that he was denied a timely initial appearance.

Darnell contends that Assistant District Attorneys Lindsay Clemons and Mark Jackson knew the allegations against him were false based on the bad-faith affidavits and reports of McGairty and Faris. As a result, he claims, he was wrongfully arrested, maliciously prosecuted, and imprisoned for burglary and receipt of stolen property.

Darnell concedes that he previously initiated a lawsuit involving the allegations contained in the instant complaint and against the individual defendants named in this action. *See* Doc. #1 at 2. That action was dismissed with prejudice on May 3, 2016. *See Darnell v. Howard*, 1:15CV132-SA-JMV.

## Screening Standards

Because Darnell has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Darnell has previously presented the factual allegations contained in this action in a prior federal action that was dismissed with prejudice by this Court in Cause No. 1:15CV132-SA-JMV, which counted as a "strike" for purposes of 28 U.S.C. § 1915(g). In that action, it was determined that Darnell's claims against Faris and McGairty were barred by Mississippi's three-year statute of limitations, while Assistant District Attorneys Clemons and Jackson enjoyed prosecutorial immunity. *See Darnell v. Howard*, 1:15CV132-SA-JMV, Doc. #13 (Report and Recommendation) and Doc. #19 (Final Judgment adopting Report and Recommendation).

The Court finds that the claims brought by the plaintiff in this § 1983 action are barred by the doctrine of res judicata and the related doctrine of collateral estoppel. Res judicata means "a thing decided," and the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and those in privity with them. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876); *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535 (5th Cir.1978). Res judicata bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979).

In the Fifth Circuit, res judicata bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits, and (4) the cases involve the same cause of action. *Swate v.*

3

*Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996) (citation omitted). Similarly, collateral estoppel precludes relitigation of essential issues that were actually adjudicated in a prior case involving a party to that case. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Darnell previously brought a federal action involving the same claims and defendants that are involved in the instant lawsuit, and that action was dismissed with prejudice. Therefore, under the doctrines of collateral estoppel and res judicata, he is barred from relitigating the instant action, and his complaint will be dismissed as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (noting that repetitive litigation of "virtually identical causes of action" is subject to dismissal as malicious); *see also Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding "a district court may dismiss a lawsuit as 'malicious' if the suit 'duplicates allegations of another pending federal lawsuit by the same plaintiff'").

**Conclusion**

The instant complaint is **DISMISSED WITH PREJUDICE** as malicious. 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED** this the 31st day of January, 2017.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**